KANSAS CITY POWER & LIGHT CO. et al. v. CHAPMAN, Secretary of the Interior, et al.

Civ. A. No. 4276–50.

United States District Court
District of Columbia, Civil Division.

Jan. 8, 1952.

---

E. Fontaine Broun, Wilmer & Broun, Henry T. Rathbun, Washington, D. C., R. T. Jackson, Baker, Hostetler & Patterson, Sidney D. L. Jackson, Jr., Cleveland, Ohio, for plaintiff.

Hubert H. Margolies, Bernard Gekoski, Attys., Department of Justice, Washington, D. C., for defendant.

LETTS, District Judge.

The motion of plaintiffs to strike from affidavits of defendants submitted in support of defendants' motion for summary judgment requires the action of the court. It is the opinion of the court that such motion might properly be sustained at least in part in view of the requirements of Rule 56(e), Fed.Rules Civ.Proc., 28 U.S. C.A., or upon the grounds of relevancy, materiality or competency.

In considering the assailed affidavits as appropriately presented and giving them their probative value the court is moved to say they in no manner or degree affect the court's ruling on the motion of defendants for summary judgment: accordingly, the motion of plaintiffs to strike portions of defendants' affidavits is denied. Such action is, of course, without prejudice to the right of plaintiffs to interpose appropriate objections when the affiants are introduced as witnesses before the trial court. The sitting judge will be in the most favorable position to rule on the relevancy and materiality of offered evidence.

Although an able judge of the court has in ruling on defendants' motion to dismiss, held that plaintiffs have standing to sue, this court has examined that aspect of the motion for summary judgment with care. Perhaps it is enough to say that this court fully agrees with Judge McLaughlin in his disposition of that controversy in his ruling on the motion to dismiss. Such agreement is not one merely of concurrence but rests upon the considered views of this court after a close study and appraisal of defendants' contention.

It does not appear that the defendants have established or demonstrated the non-existence of any genuine issue of fact. Under the rule all doubts must be resolved against them. The plaintiffs must be given the benefit of all favorable inferences which reasonably may be drawn from the record upon which defendants rest their motion. If the truth here in issue be peculiarly within the knowledge of defendants Rule 56 was not designed to deny plaintiffs the privilege of cross-examination.

The court finds that the record reveals genuine issues as to material facts, and concludes that it is without the power to adjudicate the controversy in the summary manner suggested by defendants.

The motion for summary judgment will be overruled.